# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3843-23

H.H.A.N.,[1]

    Plaintiff-Respondent,

v.

M.M.K.,

    Defendant-Appellant.

_____

        Submitted January 22, 2026 – Decided February 6, 2026

        Before Judges Gummer and Vanek.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FV-02-2581-24.

        Paul E. Fernandez, attorney for appellant.

        Respondent has not filed a brief.

PER CURIAM

---

[1] We use initials to protect the identity of victims of domestic violence and to preserve the confidentiality of these proceedings. R. 1:38-3(d)(10).

Defendant M.M.K. appeals from a June 26, 2024 final restraining order (FRO) entered in favor of plaintiff H.H.A.N. pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. Based on our review of the record and prevailing law, we affirm.

I.

We recount the facts developed at the June 26, 2024 FRO trial held after a temporary restraining order (TRO) was entered protecting plaintiff from defendant. Both parties were self-represented at trial. Each of the parties testified along with plaintiff's two daughters, A.A. and T.A.

Plaintiff and defendant were not legally married but were in an intimate relationship and exchanged vows through a religious ceremony. The parties resided separately in the same apartment complex.

On April 28, 2024, the parties had a dispute over defendant's access to text messages on plaintiff's cell phone. Plaintiff testified she was texting with one of her customers when defendant said to her, "give me your phone, I want to see what you are writing and what you are texting." When plaintiff gave defendant permission to review some of her text messages, he turned his back while looking at the message to prevent plaintiff from seeing what he was reviewing.

Plaintiff tried to get closer, but defendant struck her on the breast with the back of his open hand and then kicked her in the chest.

When plaintiff later attempted to retrieve her cell phone, defendant yelled at her in front of A.A. and T.A., refusing to return it unless she went into his apartment with him alone. Plaintiff refused to do so, and defendant did not return plaintiff's phone until three days later. A.A. and T.A. corroborated this portion of plaintiff's testimony.

A.A. and T.A. testified that it appeared plaintiff was having a panic attack from the incident because she was visibly shaken, emotionally distraught, and had pain in her chest. Two days later, plaintiff went to the hospital seeking treatment for her injuries and told hospital staff she had fallen in order to protect defendant.

Ten days later, plaintiff again went to the hospital—this time for high blood pressure. One of plaintiff's daughters told the doctor that defendant had struck plaintiff but plaintiff was scared to report him to the police. The hospital called the police, and ultimately a TRO was entered against defendant.

At the domestic violence trial, plaintiff testified the parties had a history of domestic violence. In April 2023, defendant struck her in the presence of her children and tore her clothes, choked her, injured her rib cage, and stopped the

3

car he was driving so hard while she was a passenger that she hit her head on the vehicle's interior. Plaintiff stated that on a later occasion, defendant had assaulted her and then tried to drag her into a room to further injure her.

After the trial concluded, the judge issued an oral decision. The judge held the court had jurisdiction under the PDVA based on defendant's admission that he was in an intimate relationship with plaintiff.

The judge found plaintiff's testimony more credible than defendant's. The judge concluded plaintiff's testimony regarding her injuries was corroborated to some extent by the testimony of her two daughters and was consistent with the other trial evidence, including hospital records demonstrating she had acute left shoulder pain.[2] Conversely, the judge found defendant's testimony was not credible because it was "often evasive and not focused on the issues presented in this case."

The judge determined plaintiff had satisfied the first Silver[3] prong by proving the predicate acts of assault, N.J.S.A. 2C:12-1, and harassment, N.J.S.A. 2C:33-4, by a preponderance of the credible evidence. The judge found assault

---

[2] Defendant did not include the hospital records in his appendix.

[3] Silver v. Silver, 387 N.J. Super. 112 (App. Div. 2006).

A-3843-23

was established through evidence of plaintiff's physical pain and "impairment of a physical condition" resulting from defendant's actions.  Without further analysis, the judge also found the same evidence established harassment.

As to the second Silver prong, the judge held plaintiff's testimony supported a history of prior domestic violence, including defendant striking plaintiff.  The judge found by a preponderance of the credible evidence plaintiff's health, life, and well-being were or would be in danger as the result of defendant's acts and that the entry of the restraining order was necessary for her protection.

This appeal followed.

II.

The narrow scope of our review of Family Part orders is well-established. Cesare v. Cesare, 154 N.J. 394, 411 (1998).  Appellate review of a trial judge's decision to enter an FRO in a domestic violence matter is limited.  Peterson v. Peterson, 374 N.J. Super. 116, 121 (App. Div. 2005).  We are bound by the trial judge's "findings 'when supported by adequate, substantial, credible evidence.'" Ibid. (quoting Cesare, 154 N.J. at 412).

We give substantial deference to the Family Part's findings of fact because of its special expertise in family matters.  Ibid.  Deference is especially

A-3843-23

appropriate in bench trials when the evidence is "largely testimonial and involves questions of credibility." Cesare 154 N.J. at 412 (quoting In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997)). The trial judge who observes the witnesses and listens to their testimony is in the best position "to make first-hand credibility judgments about the witnesses who appear on the stand." N.J. Div. of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008). As such, we do not "disturb the 'factual findings or legal conclusions of the trial judge unless . . . they are so manifestly unsupported by or inconsistent with the competent, relevant[,] and reasonably credible evidence as to offend the interests of justice.'" Cesare, 154 N.J. at 412 (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)).

## III.

Defendant asserts on appeal that plaintiff failed to prove a predicate act, the trial judge's credibility determinations are not supported by the record, and there was no need for the issuance of a restraining order to protect plaintiff as required under Silver. After considering each of defendant's arguments in light of prevailing law as applied to the record, we affirm the entry of the FRO against defendant.

A-3843-23

A.

When determining whether to grant an FRO pursuant to the PDVA, a trial judge must conduct two inquiries. Silver, 387 N.J. Super. at 125-27. "First, the judge must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19(a) has occurred." Id. at 125. The predicate acts under this provision correspond to various statutory crimes and comprise the definition of "domestic violence" under the PDVA. See N.J.S.A. 2C:25-19(a).

Assault is one of the predicate acts that can support the entry of an FRO. See N.J.S.A. 2C:25-19(a)(2). "A person is guilty of assault if the person: . . . . Attempts to cause or purposely, knowingly[,] or recklessly causes bodily injury to another." N.J.S.A. 2C:12-1(a)(1). "Bodily injury" is defined as "physical pain, illness[,] or any impairment of physical condition." N.J.S.A. 2C:11-1(a). "'Even the slightest physical contact, if done intentionally, is considered a simple assault under New Jersey law.'" N.B. v. T.B., 297 N.J. Super. 35, 43 (App. Div. 1997).

Here, the judge made factual findings underpinning his decision that plaintiff had established the predicate act of assault by the preponderance of the credible evidence. The judge found plaintiff's testimony that defendant had

7                                                                                          A-3843-23

struck and kicked her to be credible, with testimony of her injuries corroborated by A.A. and T.A.'s testimony. The judge concluded the proofs sufficiently established assault under N.J.S.A. 2C:12-1(a)(1). We decline to disturb the judge's conclusion because it was based on credibility determinations of each witness and was grounded in substantial evidence in the record.

Although we recognize the judge omitted particularized factual findings as to whether the proofs also established the predicate act of harassment under N.J.S.A. 2C:33-4. However, we agree with the judge's finding that plaintiff had established the predicate act of assault by the preponderance of the credible evidence sufficiently supported the entry of the FRO under the first Silver prong. Therefore, there is no need to remand for compliance with Rule 1:7-4.

B.

We turn to our review of the judge's finding that plaintiff established the second prong of Silver, which requires a trial judge to determine "whether the [judge] should enter a restraining order that provides protection for the victim." Silver, 387 N.J. Super. at 126.

"[T]he Legislature did not intend that the commission of one of the enumerated predicate acts of domestic violence automatically mandates the entry of a domestic violence restraining order." Silver, 387 N.J. Super. at 126-

The PDVA is not intended to encompass "ordinary domestic contretemps." Corrente v. Corrente, 281 N.J. Super. 243, 250 (App. Div. 1995). Rather, "the [PDVA] is intended to assist those who are truly the victims of domestic violence." Silver, 387 N.J. Super. at 124 (quoting Kamen v. Egan, 322 N.J. Super. 222, 229 (App. Div. 1999)). Thus, trial judges must exercise care "to distinguish between ordinary disputes and disagreements between family members and those acts that cross the line into domestic violence." R.G. v. R.G., 449 N.J. Super. 208, 225 (App. Div. 2017).

N.J.S.A. 2C:25-29(a)(1) to (7) sets forth the following factors the trial judge should consider in determining whether the second Silver prong is satisfied:

> (1) The previous history of domestic violence between the plaintiff and defendant, including threats, harassment and physical abuse;
>
> (2) The existence of immediate danger to person or property;
>
> (3) The financial circumstances of the plaintiff and defendant;
>
> (4) The best interests of the victim and any child;
>
> (5) In determining custody and parenting time the protection of the victim's safety;
>
> (6) The existence of a verifiable order of protection from another jurisdiction; and

A-3843-23

(7) Any pattern of coercive control against a person that in purpose or effect unreasonably interferes with, threatens, or exploits a person's liberty, freedom, bodily integrity, or human rights with the court specifically considering evidence of the need for protection from immediate danger or the prevention of further abuse.

Here, the judge found an FRO was necessary to protect plaintiff based on her credible testimony. In addition to the need for a restraining order based on the violent nature of defendant's assault of plaintiff, plaintiff's testimony as to the parties' history of domestic violence and expressed fear for her safety supports the trial judge's conclusion under the second Silver prong. Silver, 387 N.J. Super. at 127 (finding that when the predicate act is an offense that inherently involves the use of physical force and violence, the decision to issue an FRO "is most often perfunctory and self-evident").

Any of defendant's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

10

A-3843-23